**Leslie GUINN, Appellant**

v.

**TEXAS CHRISTIAN UNIVERSITY, the Harris College of Nursing, William E. Tucker, William H. Koehler, Patricia Scearse, Carolyn Spence Cagle, and Carol A. Stephenson, Appellees.**

**No. 2–90–209–CV.**

Court of Appeals of Texas,
Fort Worth.

Nov. 13, 1991.

Rehearing Denied Dec. 31, 1991.

Leslie Guinn, pro se.

William L. Latham, George Haratsis, McDonald Sanders, P.C., Fort Worth, for appellees.

Before WEAVER, C.J., and MEYERS and DAY, JJ.

## OPINION

WEAVER, Chief Justice.

Appellant, Leslie Guinn, filed this negligence suit against appellees, Texas Christian University ("TCU"), The Harris College of Nursing ("HCN"), and five individuals, William E. Tucker, William H. Koehler, Patricia Scearse, Carolyn Spence Cagle, and Carol A. Stephenson, who appellant alleged were employees of TCU. Appellant sought to recover damages resulting from his alleged abuse and mistreatment by the TCU faculty and staff while he was a nursing student at HCN. Appellant here appeals from a summary judgment in favor of appellees, which ordered that appellant take nothing by his suit. Appellant acted pro se both at trial and on this appeal. We affirm.

Appellant, by three points of error, claims that the trial court erred: 1) in granting appellees' motion for summary judgment; 2) in exercising its discretion in consolidating appellant's county court counterclaim with his suit filed at the district court level; and 3) by failing to have a consolidation hearing.

Some basic background is needed for clarity. Appellant initially enrolled as a student at TCU in the 1983 spring and summer semesters. Following completion of his course studies for those semesters, appellant's cumulative grade point average ("GPA") was 0.5. After dropping out of TCU, he attended The University of Texas at Arlington's Nursing School. There, as a result of receiving grades of "D" in a nursing course that he took twice, he was declared ineligible to continue in their nursing program. In the spring of 1985, appellant inquired about readmission to TCU and

sought enrollment in HCN. It was not until January of 1986 that appellant actually sought counseling concerning class schedules and course requirements, and he was enrolled as a nursing major for that semester.

Upon completion of the spring 1986 semester, appellant's GPA was 2.545; however, his cumulative GPA was 1.823. Although appellant was ineligible to enroll in upper division nursing courses until his GPA exceeded 2.0, HCN administrators were unaware of appellant's 1983 TCU course work, and he was mistakenly allowed to enroll in upper division nursing courses for the fall 1986 semester. Pursuant to HCN policies and course requirements, appellant enrolled in the required clinical rotation component of Medical/Surgical II ("N4423"), in which he was advised by his instructor in November 1986 that his progress was unsatisfactory. HCN's dean also notified appellant of his unsatisfactory progress and asked him to take corrective measures. However, appellant received a failing grade in the N4423 class along with one other student.

At the conclusion of the 1986 fall semester, appellant's cumulative GPA was 1.8. Although HCN's policy distributed to all students provided that nursing students had to maintain at least a 2.0 GPA, HCN's dean approved appellant's conditional registration in nursing courses for the 1987 spring semester, pending the outcome of an appeal of the failing grade. Appellant also had other options such as retaking the N4423 class or non-nursing courses in order to raise his GPA to a 2.0. Appellant never enrolled for the nursing courses in the spring of 1987, but instead, elected to appeal the grade.

Appellant was informed both orally and in writing, that to initiate the appeal process, he must first attempt to resolve the N4423 "F" grade with the instructor, and obtain his evaluation form from her. Appellant refused to secure this meeting. In May of 1987, HCN's dean reviewed his N4423 "F" grade and found it to be appropriate.

On September 1, 1987, appellant requested an appeal hearing, and, after an exchange of letters, a hearing date was set for November 24, 1987. Appellant did not appear and did not send any written documents for the appeals committee to consider; thus, this committee decided the grade of "F" should stand. Twice in 1988, TCU/HCN was informed by the United States Department of Education, Office for Civil Rights, that appellant had filed a complaint alleging race and sex discrimination in its grading, student enrollment, and class scheduling policies and procedures by: 1) failing to issue him a passing grade in the N4423 class; 2) refusing to allow him to enroll for the 1987 spring semester; and 3) requiring him to enroll in two courses that met at the same time. After on-site investigations, the Office for Civil Rights found TCU/HCN in compliance with all federal laws.

On November 11, 1988, TCU sued appellant in county court to recover sums owed by appellant for credit extended to him. On December 12, 1988, appellant filed his answer and counterclaim, and, although vaguely drafted, it alleged various acts of negligence by TCU and HCN unrelated to TCU's suit. On that same date, appellant filed the present suit in district court alleging the same claims asserted in his county court counterclaim. On May 24, 1989, the county court suit was transferred and consolidated for judicial economy into appellant's pending district court suit, since the transferred cause of action was substantially the same. On December 5, 1989, appellant filed an amended petition reasserting the same negligence claims he had previously asserted and added the individual appellees as defendants. On May 23, 1990, the district court granted appellees' motion for summary judgment. This appeal followed.

We now consider whether the trial court erred in granting appellees' motion for summary judgment, as alleged in appellant's first point of error. Appellant's brief, although vaguely drafted, argues only that all appellees' proof was controverted and that there were numerous issues of material fact raised. Appellant cites us to no cases in regard to whether he would have a justiciable cause of action

against an educational institution even if his allegations were taken as true. Appellees argue that the summary judgment evidence before the trial court, even taken in a light most favorable to the appellant, supports the granting of the summary judgment because none of the alleged negligent acts or omissions by appellees creates a recognized cause of action against an educational institution.

■ In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); TEX. R.CIV.P. 166a. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the nonmovant. *See id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Insurance Company,* 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference from the evidence must be indulged in favor of the nonmovant and any doubts resolved in his favor. *Montgomery,* 669 S.W.2d at 311. Evidence which favors the movant's position will not be considered unless it is uncontroverted. *Great American,* 391 S.W.2d at 47.

■ We may consider only the material on file with the trial court as of the time the summary judgment was granted. *Dorbandt v. Bailey,* 453 S.W.2d 205, 208 (Tex. Civ.App.—Tyler 1970, writ ref'd n.r.e.). Appellees' proper summary judgment evidence consisted of its motion for summary judgment; affidavits of appellee, Stephenson, the instructor in appellant's N4423 class; various exhibits displaying appellant's deficiency as a nurse candidate, grades, and progress reports; various doc-

uments showing correspondence between HCN and appellant concerning appellant's dissatisfaction from his failing grade in the N4423 class and the grade appeal process; appellant's deposition taken by appellees; and a copy of TCU's bulletin.

We see appellant's response to the summary judgment (consisting of 551 pages), although vaguely drafted, as sounding in the tort of negligence complaining generally about the educational system at TCU/ HCN and its faculty. Appellant's labyrinth of summary judgment evidence can be summarized in three general categories of complaints: 1) appellees' alleged negligent acts or omissions in counseling, teaching, and evaluating appellant in regard to his nursing courses at TCU, specifically, his N4423 class; 2) appellees' alleged negligent acts or omissions in reviewing and failing to remedy appellant's failing grade, and his treatment received in his N4423 class; and 3) appellees' failure to assist appellant's timely completion of his nursing degree.

■ The trial court was apparently reluctant, as we are, to intrude into a university's educational process, and to meddle in its student evaluation procedures and decision-making. *Board of Curators of University of Missouri v. Horowitz,* 435 U.S. 78, 92, 98 S.Ct. 948, 956, 55 L.Ed.2d 124, 136 (1978) ("Courts are particularly ill-equipped to evaluate academic performance"). When courts are asked to review the substance of which is genuinely an academic decision, they should show great respect for a faculty's professional judgment and "may not override it unless it is such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." *Regents of University of Michigan v. Ewing,* 474 U.S. 214, 225, 106 S.Ct. 507, 513, 88 L.Ed.2d 523, 532 (1985); *see also, Foley v. Benedict,* 122 Tex. 193, 55 S.W.2d 805 (1932). Many school decisions since *Ewing* have followed this mandate, and in reviewing the record for "professional judgment" evidence, once found, such evidence was considered sufficient to justify judgment against the student as a matter of law. *Eiland v. Wolf,* 764 S.W.2d 827, 835 (Tex.

App.—Houston [1st Dist.] 1989, writ denied); *see, e.g., Clements v. Nassau County,* 835 F.2d 1000, 1004–05 (2d Cir.1987) (In cases involving academic dismissal, educational institutions have the right to receive summary judgment unless there is evidence from which a jury could conclude that there was no rational basis for the decision or that it was motivated by bad faith or ill will unrelated to academic performance.).

■ We acknowledge that appellant makes numerous conclusory allegations concerning abusive and misleading faculty conduct. However, keeping in mind that we must view the summary judgment evidence in a light most favorable to the non-movant (appellant here), it is important to note that nowhere in the proper summary judgment evidence presented to the trial court is there any indication of appellee conduct relating to anything other than the educational system, the professional judgment of TCU's faculty, or the educating and reviewing processes of the University. From a thorough review of the record on appeal, we see no arbitrary or capricious conduct or ill will by appellees in the summary judgment evidence that would have required the trial court to allow a jury to consider any cause of action against TCU. *See Foley,* 55 S.W.2d at 810. Nor is there any evidence that appellees' evaluation of the appellant's academic performance was based on nonacademic factors or the failure to exercise professional judgment; on the contrary, TCU apparently performed as their catalog so stated. We hold that the appellees established as a matter of law before the trial court that there were no genuine issues of material fact for a judge or a jury to resolve because there would have been no justiciable cause of action before them. TEX.R.CIV.P. 166a; *Texas Department of Corrections v. Herring,* 513 S.W.2d 6, 9 (Tex.1974) (it is proper to grant the defendant's motion for summary judgment when the plaintiff pleads facts which affirmatively negate his cause of action). Appellant's first point of error is overruled.

■ In appellant's second and third points of error, he argues that it was error for the district court to consolidate the county court suit into his district court suit filed the same day, and that it was error to have no consolidation hearing. We disagree. TEX.GOV'T CODE ANN. § 74.121 (Vernon Supp.1991), allows constitutional or statutory county courts to transfer cases to another court, even a district court, as long as they have consent and proper jurisdiction of the transferee court. Additionally, a district or statutory county court judge may hear and determine a matter pending in any district or statutory county court in that county regardless of whether the matter is preliminary or final or whether there is a judgment in the matter. TEX.GOV'T CODE ANN. § 74.094(a) (Vernon Supp.1991). The two courts in this matter specifically followed the Government Code as indicated in each of the orders with regard to the transfer.

■ TEX.R.CIV.P. 174 clearly allows actions involving pending common questions of law or fact before a court to be consolidated to avoid unnecessary costs or delay. Additionally, suits filed separately may be consolidated on the court's own initiative at any stage of the action before jury submission, on such terms as are just. TEX. R.CIV.P. 41. Appellant relies solely on TEX. R.CIV.P. 165a(3) as authority that the trial court erred when it failed to give him a consolidation hearing. That rule concerns a hearing with regard to reinstatement after dismissal for want of prosecution, not consolidation.

From a review of the record, and as evidenced by the two court orders here in question, there was no consolidation error in this case on appeal. Appellant's second and third points of error are overruled.

The judgment of the trial court is affirmed.