Johnnie Lee CARTER, Appellant,

v.

SUN CITY TOWING & RECOVERY, L.P., Appellee.

No. 08–05–00290–CV.

Court of Appeals of Texas, El Paso.

Oct. 20, 2005.

Johnnie Lee Carter, El Paso, pro se.

Michael J. Shane, El Paso, for Appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

DAVID WELLINGTON CHEW, Justice.

Pending before the Court is Appellee's motion to dismiss the appeal for lack of jurisdiction. On August 23, 2005, Appellant Johnnie Lee Carter filed a notice of appeal seeking to appeal from the trial court's order to consolidate the cause with causes *Johnnie Lee Carter v. Stevens Transport,* case number 2005–3445, and *Johnnie Lee Carter v. Alliance Leasing, Inc.,* case number 2005–3431. Appellant also stated his desire to appeal "the Court's refusal to take an oral Motion to NONSUIT Without Prejudice" in *Johnnie Lee Carter v. Sun City Towing & Recovery, L.P.* Appellee has now filed a motion to dismiss this appeal, arguing that neither the alleged trial court action is now appealable nor proper by interlocutory appeal.

As a general rule, an appeal may be taken only from a final judgment. *See Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex.2001). Here, the order of consolidation complained-of is clearly interlocutory because it does not dispose of all the parties to and claims asserted in the causes that were consolidated. *See Lehmann,* 39 S.W.3d at 205 (an order or judgment is final when it disposes of all parties and claims). This Court has jurisdiction over an interlocutory appeal only when expressly provided by statute. *Stary v. DeBord,* 967 S.W.2d 352, 352–53 (Tex. 1998). We can find no statute that expressly authorizes the interlocutory appeal of an order to consolidate separate lawsuits. Further, there is no statute authorizing an interlocutory appeal from a trial court's refusal to take an oral motion to nonsuit without prejudice. Thus, we conclude we have no jurisdiction over this interlocutory appeal.

The court has considered this cause upon Appellee's motion to dismiss and is of the opinion that it should be granted. The motion is therefore granted and this appeal is DISMISSED for want of jurisdiction. *See* Tex.R.App.P. 42.3(a).