**Dismissed and Memorandum Opinion filed September 4, 2014.**



In The

# Fourteenth Court of Appeals

NO. 14-14-00517-CV
NO. 14-14-00622-CV

**JIMMY DIAZ, Appellant**

**V.**

**ROBERT T. RICE AND SAVANNAH ROBINSON, Appellees**

**On Appeal from the 23rd District Court**
**Brazoria County, Texas**
**Trial Court Cause Nos. 67021 and 73543I**

## M E M O R A N D U M   O P I N I O N

Appellant, a pro se inmate, filed suit against the attorneys retained to represent him in his criminal case and in a personal injury suit, and the attorneys counterclaimed against appellant. The cases were consolidated in the court below. No appealable order has been signed. Accordingly, we dismiss these appeals for want of jurisdiction.

On March 13, 2014, appellant filed a notice of appeal in cause number

67021, and the appeal was docketed under our case number 14-14-00517-CV. On June 19, 2014, appellant filed an amended notice of appeal, alleging the trial court denied him due process. On July 15, 2014, appellant filed a notice of appeal in cause number 735431, and the appeal was docketed under our case number 14-14-00622-CV. Appellant's notices of appeal do not identify a specific order or ruling that he is attempting to appeal. Appellant also filed an affidavit of indigence. On July 14, 2014, this court notified appellant that he is required to comply with Chapter 14 of the Texas Civil Practice and Remedies Code governing inmate litigation when an inmate claims an inability to pay costs. The requirements of Chapter 14 apply when an inmate files an appeal. *See Douglas v. Moffett,* 418 S.W.3d 366, 399 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Appellant responded, and filed an affidavit detailing his previous filings and a certified copy of his inmate trust account statement, as requested in our July 14, 2014 notice.

Appellees (the attorneys) moved to dismiss the appeal docketed in case number 14-14-00517-CV, asserting that this court lacks jurisdiction because no final, appealable order has been signed. According to the attorneys, the only ruling that the trial court has made is to order the underlying cases consolidated.[1]

Because the records filed with this court reflect the causes were consolidated below, we have consolidated these appeals. On August 13, 2014, this court notified appellant that both appeals were subject to dismissal for want of jurisdiction unless appellant filed a response demonstrating this court's jurisdiction on or before August 25, 2014. On August 15, 2014, appellant filed an opposition to the attorneys' motion to dismiss. He asserted that this is not an interlocutory appeal, and this court has subject matter jurisdiction under the Fourteenth Amendment to

---

[1] The records do not contain an order of consolidation; the ruling is reflected by a docket entry and a letter from the trial court to appellant.

the United States Constitution. He also asserted we have jurisdiction to consider his Deceptive Trade Practices-Consumer Protection Act claim. In addition, he filed a brief in which he made the same jurisdictional arguments. Although he complained in his brief about the trial court's actions below, appellant has not identified an order or judgment that is the subject of this attempted appeal. Appellant has filed several motions and other correspondence with the clerk of this court, but he has not demonstrated that this court has jurisdiction to consider his appeal.[2]

We have carefully reviewed the clerk's records in these appeals. The records reflect that on September 26, 2013, the attorneys moved for summary judgment, and appellant responded in opposition. The records do not contain an order ruling on the defendants' motion for summary judgment, a final judgment, or any other appealable order.

It is well settled that appellate courts have jurisdiction over final judgments, and such interlocutory orders that the Legislature deems appealable by statute. *See* Tex. Civ. Prac. & Rem. Code §§ 51.012, 51.014; *see also Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). No statute authorizes the interlocutory appeal of an order to consolidate separate lawsuits. *Carter v. Sun City Towing & Recovery, L.P.*, 225 S.W.3d 161, 162 (Tex. App.—El Paso 2005, no pet.). Therefore, the trial court's ruling consolidating the underlying cases is not an appealable interlocutory order. *See Carter v. Alliance Leasing, Inc.*, No. 08-05-00294-CV, 2005 WL 3326843 (Tex. App.—El Paso Dec. 8, 2005, no pet.) (mem. op.) (dismissing attempted appeal, holding a consolidation order is not a final

---

[2] Appellant has filed a motion for appointment of counsel, a "Motion for Misjointed [sic] and Nonjoinder Separate Consolidated Cases," a response to a petition for declaratory judgment, an amended motion to proceed in forma pauperis on appeal, a motion to waive filing fees, a motion to amend his notice of appeal, and a motion for a hearing. Because of our disposition of this appeal, these motions are dismissed as moot.

judgment and is not an appealable order under Section 51.014).

The records reflect that the trial court has not ruled on appellant's claims or the attorneys' motion for summary judgment. This court does not have jurisdiction unless the trial court has first signed a judgment or appealable order ruling on the issues raised by the parties in their pleadings in the court below.

Accordingly, the appeals are ordered dismissed.


PER CURIAM

Panel consists of Justices Boyce, Jamison, and Donovan.