**DISMISS; and Opinion Filed March 25, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01055-CV

### LAKEITH AMIR-SHARIF, Appellant
### V.
### CHESTER CADIEUX, III AND QUICKTRIP CORPORATION., Appellees

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-03842**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Brown
Opinion by Justice Fillmore

Appellant appeals the trial court's July 8, 2014 order consolidating DC-14-03842, *Lakeith Amir-Sharif v Chester Cadieux, III and Quik Trip Corporation.* with DC-09-13818, *Lakeith Amir-Sharif v. Quick Trip Corp., et al.* and administratively closing DC-14-03842, *Lakeith Amir-Sharif v Chester Cadieux, III and Quik Trip Corporation.* The case into which appellant's claims were consolidated, DC-09-13818, *Lakeith Amir-Sharif v. Quick Trip Corp, et al.*, remains pending on the trial court's active docket. Appellant filed his notice of appeal of the July 8, 2014 administrative closure order on August 7, 2014.

By letter dated September 16, 2014, the Court questioned its jurisdiction over this appeal. Specifically, the Court questioned whether the July 8, 2014 administrative closure order was an appealable order. Generally, this Court has jurisdiction only over appeals from final judgments. *See Lehmann v. Har-Con Corp*., 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory orders may be

appealed only if permitted by statute. *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). An order administratively closing a case is an interlocutory order, not a final judgment subject to direct appeal, because either party may move in the trial court to reopen a case that has been administratively closed. *Jackson v. Texas Bd. of Pardons & Paroles*, No. 01-10-00800-CV, 2012 WL 3775975 (Tex. App.—Houston [1st Dist.] Aug. 30, 2012, no pet.) (mem. op.); s*ee also Martin v. Commercial Metals Co.*, 138 S.W.3d 619, 622 n.2 (Tex. App.—Dallas 2004, no pet.) (explaining that trial court's order abated and administratively closed case against severed party, but did not dismiss case, so that case remained subject to being re-opened on motion of any party).[1]

Appellant argues, "[t]he . . . factual circumstances involve orders that are interlocutory and that can be challenged on appeal which this Court does have jurisdiction over." Specifically, appellant contends the administrative closure of the case was improper because he was not provided notice and an opportunity to be heard on the transfer, consolidation and administrative closure of the case. He contends he was deprived of his constitutional rights of due process, due course of law, equal access to open courts, equal protection of the laws and the right to petition and be heard as a result. We disagree. A trial court may properly transfer and consolidate cases *ex parte,* without notice or a hearing. *Starnes v. Holloway*, 779 S.W.2d 86, 96–97 (Tex. App.—Dallas 1989, writ denied); *Guinn v. Texas Christian Univ.*, 818 S.W.2d 930, 934 (Tex. App.—Fort Worth 1991, writ denied).

Appellant further argues that the administrative closure of the case was improper because he had filed a motion for no-answer default judgment which the transferring court failed to act

---

[1] We note that the clerk's record reflects that appellant has filed an objection to the administrative closure of the case and a motion to vacate the order administratively closing the case, which he characterizes as a motions to re-open the case, but the trial court has not yet ruled on either of these motions.

upon before transferring the case.[2] "When actions involving a common question of law or fact are pending before the court, it may . . . order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." TEX. R. CIV. P. 174(a).[3] "When actions are properly consolidated they become merged and are thereafter treated as one suit. . . ." *Perry v. Del Rio,* 53 S.W.3d 818, 825 n.6 (Tex. App.—Austin), *pet. dism'd,* 66 S.W.3d 239 (Tex. 2001); *see also Hong Kong Dev., Inc. v. Nguyen,* 229 S.W.3d 415, 432 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (when a court orders true consolidation of two or more cases, the actions are merged and thereafter proceed as a single action); *Rust v. Tex. & Pac. Ry. Co.,* 180 S.W. 95, 95 (1915) ("In the present case, the order of consolidation having been properly made, there remained no separable cause of action. It became but one suit...."). After consolidation all issues of law and fact are merged. *Am. Motorists Ins. Co. v. Box*, 531 S.W.2d 401, 406 (Tex. Civ. App.—Tyler 1975, writ ref'd n.r.e.). Appellant's motion for default judgment and any other motions that have not yet been determined remain pending in the consolidated suit. He has not been deprived of the right to seek a hearing on those motions.

Because there is no basis for our assertion of jurisdiction over this interlocutory appeal, we dismiss the appeal for want of jurisdiction.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

141055F.P05

---

[2] The clerk's record reflects the motion for no answer default judgment was filed on July 18, 2014, after the orders transferring the case and administratively closing the case were signed.

[3] Appellant has not appealed the order consolidating the cases. Rule 174 gives the trial court broad discretion to consolidate cases with common issues of law or fact. *Owens-Corning Fiberglas Corp. v. Martin*, 942 S.W.2d 712, 716 (Tex. App.—Dallas 1997, no writ). An order of consolidation is an interlocutory order not subject to appeal. *Carter v. Sun City Towing & Recovery, L.P.*, 225 S.W.3d 161, 162 (Tex. App.—El Paso 2005, no pet.) ("We can find no statute that expressly authorizes the interlocutory appeal of an order to consolidate separate lawsuits.").



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LAKEITH AMIR-SHARIF, Appellant

No. 05-14-01055-CV      V.

CHESTER CADIEUX, III AND
QUICKTRIP CORPORATION, Appellees

On Appeal from the 191st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-14-03842.
Opinion delivered by Justice Fillmore.
Justices Bridges and Brown participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellees CHESTER CADIEUX, III and QUICKTRIP CORPORATION recover  their costs of this appeal from appellant LAKEITH AMIR-SHARIF.

Judgment entered this 25th day of March, 2015.